# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:05CR1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **STEVEN WARD.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion to Be Released Pending Sentencing (#33). On September 30, 2005, Honorable Lacy H. Thornburg, United States District Judge, referred this motion to the undersigned for disposition, deeming such to be a motion for reconsideration of bond. For cause, defendant argues that further detention would be inequitable because the plea agreement calls for a probationary sentence. Defendant also argues that further detention would be inequitable because of the "rather technical violation of his pretrial release order that is currently causing him to be incarcerated," Document 23, at 1, and that such detention at a specialty facility is costing the taxpayers thousands of dollars due to defendant's medical needs. The court will address defendant's arguments *seriatim*.

As to defendant's first concern, while the government and the defendant may have agreed to recommend to the district court a probationary sentence, this is only a recommendation and is no guarantee that the district court will actually impose that sentence. Pretrial detention that exceeds the active component of a sentence is not inequitable. In fact, the detention in this case was caused by defendant committing an additional violation of both state and federal law while on pretrial release. Lacking clean hands, defendant has little standing to make an equitable argument. Defendant blatantly violated the very term of supervised release that was discussed with him prior to his initial release, and this court has no reason to believe that if released defendant will abide by the conditions of release.

Defendant next argues that the purchase, possession, and consumption of marijuana while

-1-

on pretrial release - - on television no less - - is a "rather technical violation" of this court's standard conditions of release. Unlawful use of controlled substances and the commission of criminal offenses are violations that strike the very heart of supervised release, and defendant may rest assured that any similar "technical violations" of the conditions of probation or supervised release would likely result in his incarceration.

Finally, defendant has argued that the costs of defendant's detention warrant his release. While the taxpayer is certainly paying dearly for defendant's care, those costs are necessary to provide for his reasonable medical needs. Such costs are, however, not a basis for release. The costs of confinement are not a factor which a court can lawfully consider in determining whether to detain a defendant. Title 18, United States Code, Section 3142, provides the factors which this court must consider

> **(g)** **Factors to be considered.--**The judicial officer **shall**, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> 
> **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> 
> **(2)** the weight of the evidence against the person;
> 
> **(3)** the history and characteristics of the person, including--
> 
> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> 
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> 
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of

> property that, because of its source, will not reasonably assure the appearance of the person as required.

While the court may consider defendant's physical and mental condition, the costs associated with such conditions do not come into play. When his physical and mental condition are considered, it appears that defendant is receiving care far superior to that afforded to him in his home.

Having reconsidered the earlier Order of detention, defendant's motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Be Released Pending Sentencing is **DENIED.**

**Signed: September 30, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge