**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:08CV304-T-02**
**(1:05CR1-T)**

| | |
|---|---|
| **STEVEN WILLIAM WARD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed June 6, 2008.  No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. § 2255**.  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

Petitioner was arrested on April 13, 2004, based on a criminal complaint charging him with threatening to assault, kidnap or murder a United States judge with the intent to retaliate against such official on account of the performance of his official duties in violation of 18 U.S.C. § 115(a)(1)(B). **Complaint, filed under seal, April 13, 2004.** Following a court-ordered psychological evaluation, the Petitioner was found competent to proceed to trial. *See* **Order, filed January 5, 2005.**

On January 14, 2005, having waived prosecution by bill of indictment, the Petitioner was charged in a one-count bill of information with the offense alleged in the complaint. *See,* **Bill of Information, filed January 14, 2005;** *see also,* **Waiver of Indictment, filed January 14, 2005**. The same day, the Petitioner entered into a written plea agreement with the Government whereby he agreed to plead guilty to the charge set forth in the bill of information in exchange for the Government's recommendation

that the Court impose a probationary sentence.  **Plea Agreement, filed January 14, 2005, at 1**.  The agreement also contained a waiver by which Petitioner forfeited his rights to appeal or contest his conviction or sentence in any post-conviction proceeding on any grounds except ineffective assistance of counsel and/or prosecutorial misconduct.  *Id.* **at 3**.

Petitioner appeared with counsel before the Magistrate Judge and formally entered his guilty plea.   During that proceeding, the Magistrate Judge engaged Petitioner in the standard, lengthy plea colloquy pursuant to Rule 11 to ensure that his guilty plea was knowingly and voluntarily made and entered.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed January 14, 2005**.

At the outset of the hearing, the Magistrate Judge asked Petitioner if he then was under the influence of any medicines or drugs of any kind, if he was under the care of a doctor or had been treated in the past for mental illness or substance abuse.  *Id*. **at 2**. Petitioner stated under oath, that although he was under a doctor's care, was taking certain unspecified medications, and had been treated for mental health issues in April 2004, his mind was clear and he understood the proceedings.  *Id*. **at 2-3**.  The Magistrate Judge also asked Petitioner if he had reviewed the bill of

information with counsel and if he understood the charge and corresponding penalties as they had been explained to him. *Id*. **at 3-4.** Again, under oath, Petitioner stated that he had reviewed the charge with counsel and understood its essential elements and the corresponding maximum penalties. *Id***.**

Further, the Magistrate Judge asked Petitioner if he understood and accepted the terms of his plea agreement and if he was entirely satisfied with the services of his attorney, to which the Petitioner answered in the affirmative. *Id***. at 6-7**. Based on these and the other answers given by Petitioner, the Magistrate Judge found that his guilty plea was knowingly and voluntarily made and that he understood the charge, penalties, and consequences of his plea. *Id***. at 9.** Accordingly, the Magistrate Judge accepted Petitioner's guilty plea. *Id*.

On November 9, 2005, the undersigned conducted a factual basis and sentencing hearing. The Court adopted the factual findings and guideline applications made by the Probation Officer, namely that Petitioner's total offense level was 13, his criminal history category was II, and his corresponding range of imprisonment was 15 to 21 months. Nevertheless, after hearing from the parties, the Court sentenced Petitioner

to three years supervised probation in accordance with the terms of the parties' plea agreement.  **Judgment in a Criminal Case, filed November 22, 2005.**

Petitioner did not appeal his conviction or sentence; therefore, his Judgment became final 10 days after entry thereof.  *See* **Fed. R. App. P. 4(b)(3)(A).**  Now, after a lapse of almost three years, Petitioner has returned to this Court with his § 2255 motion.

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation applies to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255**.

## III. DISCUSSION

Petitioner's Judgment was filed on November 22, 2005, and he did not file a direct appeal of his conviction or sentence.  Therefore, Petitioner's Judgment became final on December 7, 2005.  *See* **Fed. R. App. P. 4(b) (providing 10-day appeal period for criminal judgments);** *United States v. Wilson*, **256 F.3d 217, 221 (4th Cir. 2001) (noting that pursuant to Rule 4(b), an unappealed judgment becomes final ten days after its entry)**.  Petitioner did not file his § 2255 motion until June 6, 2008, well outside the one-year statute of limitations period, and it is, therefore, untimely.

Even though Petitioner argues he erroneously was convicted, this does not relieve him of the one year period within which his motion should have been filed.  Consequently, Petitioner's motion is time-barred and must be dismissed.  *See United States v. Hardy*, **156 F. App'x 568 (4th Cir. 2005) (affirming dismissal of time-barred § 2255 motion)**.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate,

set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is hereby

**DISMISSED WITH PREJUDICE** as time-barred.


Signed: July 16, 2008


Lacy H. Thornburg
United States District Judge